# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-778V
Filed: July 31, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| JAMIE ROTHSTEIN, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | |
| v. | * | Decision on Interim Attorneys' Fees and |
| | * | Costs; Hourly Rates; Excessive Billing |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

*Curtis Webb, Esq.*, Twin Falls, ID, for petitioner.
*Amber Wilson*, *Esq.*, Maglio Christopher and Toale, PA, Washington, DC, former counsel for petitioner.
*Claudia Gangi, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

     On August 26, 2014, Jamie Rothstein ("Ms. Rothstein," or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petition, ECF No. 1. Petitioner alleges that she received a tetanus-diphtheria-acellular pertussis ("TDaP") vaccination on July 12, 2013, which significantly aggravated a preexisting but asymptomatic demyelinating

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

neurologic disorder. Amended Petition ("Am. Pet."), ECF No. 36. Petitioner now requests an award of interim attorneys' fees and costs.

## I. Procedural History

The petition was filed on August 26, 2014. ECF No. 1. This matter was originally assigned to Special Master Hamilton-Fieldman but reassigned to me on January 14, 2016. *See* ECF Nos. 4, 32. Petitioner filed medical records through January of 2015. *See* Petitioner's Exhibits ("Pet. Ex.") 1-7, ECF No. 6; Pet. Ex. 8-11, ECF No. 14. Respondent filed a Rule 4(c) Report on March 10, 2015, recommending against compensation. ECF No. 16. Petitioner was ordered to file an expert report by May 28, 2015. Scheduling Order, ECF No. 17.

A status conference was held on May 19, 2015, at the request of petitioner's counsel. *See* Scheduling Order, ECF No. 20. Counsel advised that she had identified an onset issue; petitioner was ordered to file an affidavit and additional documentation to support the date of onset by July 2, 2015. *Id*. Following an extension of time, petitioner filed additional medical records on July 24, 2015. Pet. Ex. 12, ECF No. 23.

On August 20, 2015, petitioner filed a status report advising that she was seeking new counsel. ECF No. 26. Petitioner continued to seek new counsel through January of 2016. *See* ECF Nos. 28, 30, 33. Petitioner filed a Motion to Substitute Curtis Webb as attorney of record on March 21, 2016. ECF No. 34.

Petitioner filed an Amended Petition on July 5, 2016, and an expert report from Dr. Kinsbourne on August 10, 2016. *See* ECF No. 36; Pet. Ex. 13, ECF No. 38. Respondent filed an expert report from Dr. Sriram on March 23, 2017. Resp. Ex. A, ECF No. 47.

Petitioner filed a supplemental expert report from Dr. Kinsbourne and an expert report from Dr. Byers on July 26, 2017. Pet. Ex. 47-48, ECF No. 52. Petitioner filed updated medical records on August 17, 2017. Pet. Ex. 76-79, ECF No. 58.

Respondent filed a responsive report from Dr. Sriram on December 7, 2017. Resp. Ex. J, ECF No. 62. Petitioner filed additional reports from Dr. Kinsbourne and Dr. Byers on May 22, 2018. Pet. Ex. 80, ECF No. 65; Pet. Ex. 18, ECF No. 66.

The parties agreed to proceed to hearing. An entitlement hearing is currently scheduled for March 26 and 27, 2020. *See* Prehearing Order, ECF No. 71. Petitioner has continued to file updated medical records. *See* Pet. Ex. 88-92, ECF No. 77.

On June 27, 2019, petitioner filed a Motion for Interim Attorneys' Fees and Costs. Motion for Interim Fees, ECF No. 81. Petitioner requests a total of $143,941.43 attorneys' fees and costs. For her former counsel, Amber Wilson, petitioner requests $22,050.50 in attorneys' fees and $1,892.31 in costs for a total amount of $23,942.81. *Id.* at 4. For her current counsel, Curtis Webb, petitioner requests $83,980.40 in attorneys' fees and $36,018.22 in costs, for a total amount $119,998.62. *Id*. at 2.

On July 1, 2019, respondent filed a response to petitioner's Motion for Interim Fees. Response, ECF No. 82. Respondent deferred "to the Special Master to determine whether or not petitioner has met the legal standard for an interim fees and costs award" but was otherwise "satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case." *Id*. at 2. Respondent provided no specific objection to the amount requested or hours worked, but instead, "respectfully recommend[ed] that the Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id*. at 3.

Petitioner did not file a reply. This matter is now ripe for decision.

## II. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, he or she is entitled to an award of reasonable attorneys' fees and costs. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id*.

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## III. Discussion

**A.     Interim Fees**

Special masters have discretion to award interim fees while the litigation is ongoing if "the cost of litigation has imposed an undue hardship" and there is "a good faith basis for the claim." *Shaw v. Sec'y of Health & Human Servs.*, 609 F. 3d 1372, 1375 (Fed. Cir. 2010); *see Avera*, 515 F. 3d at 1352. The court in *Avera* held that interim fees may be awarded "in appropriate circumstances." *Id*. at 1351. The court then listed some circumstances—cases involving "protracted" proceedings and "costly experts"—in which it would be "particularly appropriate" to award interim fees. *Id*. at 1352. But "the Federal Circuit in *Avera* . . . did not enunciate the universe of litigation circumstances which would warrant an award of interim attorney's fees," *Woods v.*

3

*Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148, 154 (2012), and "special masters [retain] broad discretion in determining whether to award" them, *Al-Uffi ex rel. R.B. v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *5 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). In making this determination, "the special master may consider any of the unique facts of a case." *Rehn v. Sec'y of Health & Human Servs.*, 126 Fed. Cl. 86, 94 (2016).

This matter has been pending for nearly five years. An entitlement hearing is scheduled for March of 2020, after which a decision must be written. Therefore, an award of interim fees and costs is appropriate so that counsel is not unduly financially burdened during protracted litigation.

**B.    Reasonable Hourly Rate**

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id*. This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

1. <u>Hourly Rates for Maglio Christopher and Toale, PA</u>

Petitioner's former counsel, Amber Wilson, practices in Washington, D.C., and as such, is entitled to forum rates. Attorneys at Maglio Christopher and Toale's Sarasota, FL, office have also been found entitled to forum rates. *See Dezern v. Sec'y of Health & Human Servs.*, No. 13-643V, 2016 WL 6678496, at *6 (Fed. Cl. Spec. Mstr. Oct. 14, 2016).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

---

[3] The fee schedules are posted on the Court's website. *See* Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2015-2016*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys - Forum-Rate-Fee-Schedule2015-2016.pdf (last visited July 31, 2019); Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2017*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2017.pdf (last visited July 31, 2019); Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2018*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf (last visited July 31, 2019); *Office of Special Masters, Attorneys' Forum Hourly Rate Fee Schedule: 2019*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule

Petitioner has requested hourly rates for Ms. Wilson of $225 for work performed in 2014 and 2015 and $275 for work performed in 2016. Motion for Interim Fees at 3. Other attorneys at the Maglio firm also billed work in this matter; petitioner has requested hourly rates of $300 for Altom Maglio, Alison Haskins, Diana Stadelnikas, and John Caldwell. *Id*. Petitioner requested hourly rates ranging from $95 to $145 for the various paralegals who worked on this matter. *Id*. at 3-4.

The requested rates are consistent with previous rates awarded to Maglio Christopher and Toale attorneys and staff and with their respective *McCulloch* categories. *See Crespo on behalf of N.S. v. Sec'y of Health & Human Servs*., No. 15-1100V, 2017 WL 6763078, at *3 (Fed. Cl. Spec. Mstr. Dec. 5, 2017) (Awarding Amber Wilson hourly rates of $225 for work performed in 2015 and $275 for work performed in 2016); *Johnson v. Sec'y of Health & Human Servs*., No. 10-578V, 2017 WL 1881005, at *3 (Fed. Cl. Spec. Mstr. Apr. 14, 2017) (Awarding Mr. Caldwell an hourly rate of $300 for work performed from 2011 through 2015); *Anderson v. Sec'y of Health & Human Servs*., No. 15-1289V, 2017 WL 2461377, at *1 (Fed. Cl. Spec. Mstr. Apr. 12, 2017) (Awarding Ms. Haskins an hourly rate of $300 for work performed in 2015); *Bell-O'Neal on behalf of A.O. v. Sec'y of Health & Human Servs*., No. 13-835V, 2017 WL 1739206, at *1 (Fed. Cl. Spec. Mstr. Apr. 4, 2017) (Awarding Ms. Stadelnikas an hourly rate of $300 for work performed from 2013 through 2015); *Bretag v. Sec'y of Health & Human Servs*., No. 13-930V, 2016 WL 8077959, at *2 (Fed. Cl. Spec. Mstr. Dec. 23, 2016) (Awarding Mr. Maglio an hourly rate of $300 for work performed from 2013 to 2015). Accordingly, petitioner is awarded the hourly rates requested.

2. Hourly Rates for Curtis Webb

Petitioner's current counsel, Curtis Webb, practices in Twin Falls, ID. Other special masters have found Mr. Webb entitled to forum rates. *See, e.g., Garrison v. Sec'y of Health & Human Servs*., No. 14-762V, 2018 WL 2772179, at *3 (Fed. Cl. Spec. Mstr. May 3, 2018); *D'Tiole v. Sec'y of Health & Human Servs*., No. 15-85V, 2018 WL 5578871, at *4 (Fed. Cl. Spec. Mstr. Sept. 6, 2018).

Petitioner has requested hourly rates for Mr. Webb of $401 for work performed in 2016, $415 for work performed in 2017, $430 for work performed in 2018, and $440 for work performed in 2019. For Mr. Webb's paralegal, Alexander Webb, petitioner requests hourly rates of $50 for work performed in 2016, $100 for work performed in 2017 and 2018, and $135 for work performed in 2019.

Mr. Webb has previously been awarded his requested hourly rates for work performed from 2016 through 2018. *See, e.g., Garrison*, 2018 WL 2772179, at *3; *D'Tiole*, 2018 WL 5578871, at *5. Mr. Webb has been practicing for 35 years and has represented petitioners in the Vaccine Program since its creation. Motion for Interim Fees at 13. His requested hourly rate for 2019 falls within the *McCulloch* range of $415 to $464 for attorneys with more than 31 years of experience. Accordingly, I find this rate to be reasonable and award it herein.

---

%202019.pdf (last visited July 31, 2019).

Alexander Webb was previously awarded his requested rates for 2016 through 2018. *See, e.g., Garrison*, 2018 WL 2772179, at *3, *D'Tiole*, 2018 WL 5578871, at *5. His requested hourly rate for 2019 of $135 is at the bottom of the *McCulloch* range for paralegals. I find this rate to be reasonable and award it herein.

## C. Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal. *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

1. Hours billed by Maglio Christopher and Toale, PA

Upon review of the hours billed by the Maglio firm, the undersigned finds that a number of the hours billed were "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521.[4] Paralegals routinely billed excessive amounts of time for reviewing Court orders and calendaring deadlines.[5] Additionally, there are several instances of block billing,[6] which is disfavored by the

---

[4] The following entries are examples and are not exhaustive; they merely provide a sampling.

[5] *See, e.g.*, Motion for Interim Fees, Ex. G, at 9 (0.20 hours billed for "Receipt and review of Order, calendar status conference and update file accordingly"); *id*. at 13 (0.30 hours billed for "Electronically file status report. Review and save electronic notification of filing.").

[6] *See, e.g.*, Motion for Interim Fees, Ex. G at 10 (2.8 hours billed for "Review client file, medical records, and correspondence with primary treating Neurologist; research post vaccine encephalitis and TM; research previous Court decisions and relevant case law"); *id*. at 11 (2.5 hours billed for "Receive 5 emails for client re affidavits, questions; read emails, save to file, draft affidavit for NMeyer; respond to emails from client

Program, as it frustrates the Court's ability to evaluate the reasonableness of the time billed. *See Riggins v. Sec'y of Health & Human Servs.*, No. 99-382V, 2009 WL 3319818, at *23-24 (Fed. Cl. Spec. Mstr. June 15, 2009). For these reasons, the undersigned finds that the requested $22,050.50 should be reduced by 10%. Accordingly, $19,845.45 is awarded in attorneys' fees.

    2. Hours billed by Curtis Webb

A review of the hours billed by Mr. Webb and his paralegal revealed that they both routinely overbilled[7] for tasks and engaged in block billing.[8] Mr. Webb has previously been warned against these practices in the past and should be aware that these practices are disfavored by special masters. *See, e.g., Scott v. Sec'y of Health & Human Servs.*, No. 15-911V, 2017 WL 8682427, at *3 (Fed. Cl. Spec. Mstr. Dec. 15, 2017) (Reducing hours billed due to vagueness, block billing, and billing paralegal activities at an attorney rate); *Brooks v. Sec'y of Health & Human Servs.*, No. 14-563V, 2017 WL 6276461, at *4 n.7 (Fed. Cl. Spec. Mstr. Apr. 20, 2017) (Warning Mr. Webb against block billing).

For these reasons, the undersigned finds that the requested $83,980.40 should be reduced by 10%.[9] Accordingly, $75,582.36 is awarded in attorneys' fees.

---

re July show and timing"); *id.* at 12 (3.5 hours billed for "Receive 2 emails from client; continue preparation of affidavits for execution to submit to Court; revise affidavit for client; begin preparation of exhibits to file; call to client to discuss timeline, photos, other questions; revise affidavit of NMeyer and FJay; draft affidavit for MGreenblatt; continue preparation and update notes for possible fact hearing").

[7] *See, e.g.*, Motion for Interim Fees, Ex. B at 5 (1 hour billed by Curtis Webb for "Received email from Kinsbourne; Responded to email from Kinsbourne"); *id.* at 7 (2.4 hours billed by Curtis Webb for "Prepare email to Kinsbourne re: response to Sriram's report"); *id.* at 8 (1.2 hours billed by Curtis Webb for "Sent email to Rothstein re: response to 7/19 email and inquiry concerning medical records"); *id.* at 12 (1 hour billed by Curtis Webb for "Prepared exhibits 82-92"); *id.* at 4, 5, 7, 8-9 (a total of 60.7 hours billed by Alexander Webb for researching medical literature, gathering reference articles, reading expert reports and medical literature, and highlighting medical literature); *id.* at 12-13 (a total of 23.5 hours billed by Alexander Webb for preparing the interim fee petition).

[8] *See, e.g.*, Motion for Interim Fees, Ex. B at 3 (6 hours billed by Curtis Webb for "Reviewed medical records: MRI reports, onset, prior history; Medical research: onset of TM 1-2 days after vaccination; Draft memo re: explanation for onset within day of vaccination; Write letter to client"); *id.* at 4 (7 hours billed by Curtis Webb for "Prepare correspondence to Kinsbourne; Prepare material for Kinsbourne; Conferred by phone with client re: status of case, current condition, next steps of case; Exchanged email with client; Conferred by phone with Kinsbourne"); *id.* (4.5 hours billed by Alexander Webb for "researched medical articles"); *id.* at 5 (3 hours billed by Curtis Webb for "Prepared and participated in status conference; Considered settlement, Settlement value of case; Correspondence to client; Phone conversation with Gage"); *id.* (5 hours billed by Alexander Webb for "Gathered reference articles for expert witness report").

[9] Because this is the first time that I have encountered these billing practices from Mr. Webb, I am only reducing his fees by 10%. However, Mr. Webb is expected to correct his billing practices, particularly since he has also been warned about this by other special masters. Future reductions will be more significant.

**D.      Reasonable Costs**

    1. <u>Costs requested by Maglio Christopher and Toale, PA</u>

Petitioner requested a total of $1,892.31 in attorneys' costs for Maglio Christopher and Toale, PA. Motion for Interim Fees, Ex. H, at 2. The requested costs consist of $1,232.52 in costs associated with obtaining medical records, the $400.00 filing fee, $143.84 in travel costs, $66.66 for a literature review by Douglas R. Boettner, $48.39 in shipping costs, and $0.90 in PACER research costs. *Id*. Petitioner did not provide documentation of the requested shipping and PACER costs. Costs cannot be reimbursed without proper documentation. Accordingly, petitioner's requested costs are reduced by $49.29, and the Maglio firm is awarded $1,843.02 in attorneys' costs.

    2. <u>Costs requested by Curtis Webb</u>

Petitioner requested a total of $36,018.22 in attorneys' costs for Mr. Webb. Motion for Interim Fees, Ex. B, at 15. The requested costs consist of $17,650.00 in expert fees to Dr. Kinsbourne, $15,800.00 in expert fees to Dr. Byers, $214.52 in shipping costs, $802.25 in medical literature costs, and $1,551.45 in costs associated with obtaining medical records. *Id*.; *see also* Motion for Interim Fees, Ex. E-F. The undersigned finds petitioner's requested costs to be reasonable.

### IV. Total Award Summary

Based on the foregoing, the undersigned **awards the total of $133,289.05** as follows:

- **A lump sum of $21,688.47**, representing reimbursement for attorneys' fees in the amount of $19,845.45 and costs in the amount of $1,843.02, in the form of a check made payable jointly to petitioner and petitioner's former counsel, Amber Wilson, Esq.; and

- **A lump sum of $111,600.58**, representing reimbursement for attorneys' fees in the amount of $75,5822.36 and costs in the amount of $36,018.22, in the form of a check made payable jointly to petitioner and petitioner's counsel, Curtis Webb, Esq.

The Clerk of the Court is directed to enter judgment in accordance with this Decision.[10]

**IT IS SO ORDERED.**

                                        **s/ Mindy Michaels Roth**
                                        Mindy Michaels Roth
                                        Special Master

---

[10] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.